UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

MICHAEL OKO,                             )          CASE NO. 1:10 CV 15
                                         )
            Plaintiff,                   )
                                         )          CHIEF JUDGE SOLOMON OLIVER, JR.
       v.                                )
                                         )          MEMORANDUM OF OPINION
WILLIAM D. MASON, *et al.*,              )          AND ORDER
                                         )
            Defendants.                  )


       *Pro se* plaintiff Michael Oko filed this action under 42 U.S.C. § 1983 against
Cuyahoga County Prosecutor William D. Mason, Assistant Cuyahoga County Prosecutor Deborah
Naiman, former Cuyahoga County Sheriff Gerald McFall, and John and Jane Doe.  In the complaint,
Mr. Oko complained of conditions he experienced in the Cuyahoga County jail when he was held
there in 2005.  He seeks monetary and injunctive relief.

       Mr. Oko filed a Supplemental and Amended Complaint on April 1, 2010.  In this
pleading, he adds informant Sherwin D. Williams as a defendant and claims he was framed on drug
charges by Cleveland Police Department and the Cuyahoga County Prosecutor's office during his
November 2003 arrest and prosecution.  He seeks $16,000,000.00 against Mr. Williams.

## Background

Mr. Oko was arrested by Cleveland Police on November 18, 2003. He claims the arrest was arranged by an informant, Sherwin Williams, who agreed to assist the police in exchange for leniency in his own criminal prosecution on drug charges. Mr. Williams arranged a meeting with Mr. Oko for the purpose of purchasing heroin. Prior to meeting, a wire to record the transaction was placed on Mr. Williams and he was supplied with money for the drug transaction. Upon arrival at the agreed time and place, Mr. Williams got into Mr. Oko's vehicle where the two discussed the purchase of heroin. At that point, Mr. Oko was arrested. He claims no drugs were found on him and the transaction money had not been exchanged. Two ounces of heroin were found on the driver's side floor. *See State of Ohio v. Oko*. No. 87539, 2007 Wl 416941 (Ohio App. 8th Dist. Feb. 8, 2007).

The Cuyahoga County Grand Jury indicted Mr. Oko on three counts of drug trafficking, one count of possession of drugs, and one count of possession of criminal tools. Mr. Oko agreed to plead guilty to one count of drug trafficking and was sentenced to three years in prison. He appealed his conviction on the basis of the trial court's failure to advise him of post release control requirements.[1] His plea was vacated on July 21, 2005, and the matter was remanded to the Cuyahoga County Court of Common Pleas for trial.

Mr. Oko was transported to the Cuyahoga County jail on September 16, 2005. Bond

---

[1] In his Amended pleading, Mr. Oko contends he agreed to plead guilty because he was grieving after learning his mother had had a stroke, and this his sister had died. He alleges he entered his guilty plea under diminished mental capacity and intimates that this was the basis for the Eighth District Court of Appeals decision to vacate his plea. Mr. Oko did not raise this argument on appeal and it played no part in the Appellate Court's decision. *See State of Ohio v. Oko,* No. 85049, 2005 WL 1707018 (Ohio App. 8th Dist. July 21, 2005).

2

was set for $25,000.00.  Mr. Oko did not post bond and remained in jail.  He claims he was held in a portion of the jail designated for maximum security inmates.  He claims the facility was in disrepair, with no ventilation and no natural sunlight.  He also claims the cells were overcrowded, with inmates sleeping on the floors.  There was no outdoor exercise area.  He was held in the jail until January 2006.

On December 20, 2005, the jury returned a guilty verdict on all five counts of the indictment.  Mr. Oko was sentenced on January 4, 2006 to eight years mandatory incarceration on counts 1,2,3, and 5, and to one year on count 4.  All sentences were to be served concurrent with each other.  Post release control was also made part of the sentence to the maximum time permitted by statute.  Mr. Oko was given 480 days jail time credit.

Mr. Oko filed a second appeal of his conviction.  Among many grounds for appeal, he asserted that the sentence he received was vindictive as it imposed a much lengthier sentence that the one he received when he pled guilty, that his sentence was disproportionately longer than sentences received by other inmates for similar offenses, and that the prosecutors committed misconduct by eliciting false testimony and argued facts outside of the record.  His conviction was affirmed on February 8, 2007.

Mr. Oko now asserts numerous, and often redundant, claims concerning the validity of his conviction.  He contends Ms. Naiman knew or should have known that the evidence against Mr. Oko was false or fabricated.  He claims she obstructed justice by continuing with his prosecution.  He states she used perjured testimony, sought increased sentences, and suppressed exculpatory materials. Similarly, he alleges that the informant fabricated evidence in order to obtain a lighter sentence on charges pending against him.  He asserts he was sentenced more harshly than

3

other inmates committing similar crimes.  Finally, he states that Prosecutor William Mason failed to properly train and supervise his employees.

### Analysis

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  For the reasons stated below, this action is dismissed pursuant to §1915(e).

As a threshold matter, it is apparent on the face of the complaint that the statute of limitations for bringing a §1983 claim expired before Mr. Oko filed this action.  Ohio's two year statute of limitations for bodily injury applies to §1983 claims.  *LRL Properties v. Portage Metro Housing Authority*, 55 F. 3d 1097 (6th Cir. 1995).  Mr. Oko's arrest took place in 2003.  He experienced conditions in the Cuyahoga County jail when he was held there awaiting trial from September 2005 to January 2006.  He was convicted for a second time in January 2006.  This action was filed on January 5, 2010, well beyond the expiration of the two-year statute of limitations period.

---

[2]     An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute.  *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

Mr. Oko claims the statute of limitations should not be considered to have expired since he only discovered on December 15, 2009 that he could bring a civil rights action.  Under federal law, the limitations period begins to run when a plaintiff knew or should have known of the injury that forms the basis of the claim. *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir.2001).  It is not based on the Plaintiff's awareness of a particular cause of action.  Mr. Oko was aware of the conditions of his confinement at the jail at the time of his incarceration there in 2005.  He was aware the issues concerning his second trial when he raised those issue on his appeal in 2006.  His conviction was affirmed in 2007.  There would be no purpose in allowing this matter to go forward in view of the fact that it is clearly time-barred.  *See Fraley v. Ohio Gallia County*, No. 97-3564, 1998 WL 789385, at *1 (6th Cir. Oct. 30, 1998)(affirming *sua sponte* dismissal of *pro se* §1983 action filed after two year statute of limitations for bringing such an action had expired).

Moreover, even if this action were not time barred, Mr. Oko cannot challenge his conviction in a §1983 action.  A prisoner may not raise claims in a civil rights action if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless the conviction or sentence has been set aside.  *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486 (1994).  The holding in *Heck* applies whether plaintiff seeks injunctive, declaratory or monetary relief.  *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401 at *1 (6th Cir. May 5, 1998).  Mr. Oko raises a claim which, if found to have merit, would call into question the validity of his conviction.  As such, he must also allege his conviction was declared invalid by either an Ohio state court or a federal habeas corpus decision.  to the contrary, his conviction was affirmed on appeal.  His claims concerning false and misleading evidence, prosecutorial misconduct, and improper or harsh sentences must be dismissed.

5

### Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.

/S/**SOLOMON OLIVER, JR.**
CHIEF JUDGE
UNITED STATES DISTRICT COURT

June 21, 2010

---

[3]     28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.